## Chicago City Railway Company v. Nettie M. Barnes.

### Gen. No. 11,180.

1. LOOK AND LISTEN—*rule of.* It is not a rule of law that a person is bound under all circumstances to look and listen before crossing the tracks of a street railway. The question of negligence in such case is one of fact, and when the court can say that the only reasonable inference that can be drawn from the facts is that the plaintiff failed to exercise ordinary care and in consequence thereof was injured, it is the province and duty of the court to find as a fact that the plaintiff was guilty of contributory negligence, and to act accordingly.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County ; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Reversed with finding of facts. Opinion filed June 17, 1904.

**Statement by the Court.** In Wentworth avenue appellant had two tracks ; the south-bound cars ran on the west track. Appellee came from the west on the south side of Sixty-first street, intending to take a north-bound car on Wentworth avenue. The north-bound cars stopped for passengers at the north line of Sixty-first street. Near the west line of Wentworth avenue appellee left the sidewalk on the south side of Sixty-first street and started to cross diagonally to the northwest corner of said streets. When she reached appellant's first track she came in collision with a south-bound car and was injured. In an action on the case for negligence she recovered a judgment for $500, and the defendant appealed.

WILLIAM J. HYNES, JAMES W. DUNCAN, and C. LEROY BROWN, for appellant; MASON B. STARRING, of counsel.

CLARK & CLARK, for appellee; HORACE S. CLARK, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

There was no evidence tending to show that appellee was injured through the wanton or wilful acts or conduct of the servants of appellant. If she was guilty of negli-

gence which contributed to her injury she cannot recover. It is not a rule of law that a person is bound under all circumstances to look and listen before crossing the track of a street railroad. The question of negligence in such case is a question of fact. But when the court can say that the only reasonable inference that can be drawn from the facts is that the plaintiff failed to exercise ordinary care and in consequence thereof was injured, it is the province and duty of the court to find as a fact that the plaintiff was guilty of contributory negligence and to act accordingly.

It was quite dark when appellee was injured. The car with which she came in collision was lighted by electricity and had an electric headlight. A car went north on the east track just before appellee reached the west line of Wentworth avenue and from that time until the southbound car reached and passed over Sixty-first street there was no other car nor any wagon or other vehicle on either street at or near their intersection. It appears from the evidence that the electric light in use on the car could be seen when the car was a block away and was seen just before the accident, by a witness called by appellee, when seventy-five or a hundred feet away. There was nothing to interfere with or obstruct her view of the approaching car, nothing to distract her attention. The only inference and conclusion that can reasonably be drawn from the facts of this case in our opinion is, that appellee, in going upon or so near the track of appellant as to come in collision with a car upon that track, failed to exercise ordinary care for her own safety and was guilty of negligence which directly contributed to the injury complained of.

The judgment of the Superior Court will be reversed.

*Reversed with finding of facts.*

Mr. Justice STEIN took no part.